1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                        CENTRAL DISTRICT OF CALIFORNIA

10

11    JESUS CASILLAS and LOURDES          Case No. 2:25-cv-07614-HDV-PD
      CASILLAS,
12
                                          **ORDER DENYING PLAINTIFFS'**
13              Plaintiffs,               **MOTION TO REMAND AND FOR**
                                          **ATTORNEY'S FEES [14]**
14    v.

15
      GENERAL MOTORS LLC, et al.,
16
                Defendants.
17

18

19

20

21

22

23

24

25

26

27

28

1    **I.    INTRODUCTION**

2         This lemon law action arises out of Plaintiffs Jesus and Lourdes Casillas's purchase of a

3    2019 Cadillac XT5 from Suburban Buick GMC Cadillac.  Plaintiffs allege that their vehicle

4    experienced "engine and transmission defects" during the warranty period.

5         Before the Court is Plaintiffs' Motion to Remand ("Motion") [Dkt. 14 ], which asserts that

6    the removal of this case on August 14, 2025 was untimely.  Plaintiffs maintain that removability was

7    clear from the face of the Complaint filed in Los Angeles Superior Court [Dkt. 1-1], or, in the

8    alternative, as early as July 7, 2025, when Plaintiffs made initial disclosures including the sales

9    contract and repair records.

10        For the reasons discussed thoroughly in *Chavarin v. General Motors LLC*, No. 2:25-cv-

11   06852-HDV-MBK (C.D. Cal. Oct. 29, 2025) [Dkt. 28] ("*Chavarin* Order"), the Court concludes that

12   neither the initial Complaint nor the initial disclosures provided sufficient grounds for triggering the

13   30-day removal clocks under 28 U.S.C. § 1446(b).  Because the removal was therefore timely, the

14   Motion is denied.[1]

15   **II.    BACKGROUND**

16        Plaintiffs purchased a 2019 Cadillac XT5 (the "Vehicle") in October 2022.  Complaint ¶¶ 6,

17   9.  Plaintiffs allege the vehicle was defective and that Defendant General Motors failed to fulfill its

18   warranty obligations.  *Id.* ¶¶ 13, 15.

19        Plaintiffs filed a Complaint in Los Angeles Superior Court on March 19, 2025, alleging

20   claims under the California Song-Beverly Consumer Warranty Act ("Song-Beverly") and the federal

21   Magnuson-Moss Warranty Act ("MMWA").  *Id.* ¶¶ 8–44.  The Complaint identifies Plaintiffs as

22   residents of Costa Mesa, California, but provides no further information about domicile or

23   citizenship.  *Id.* ¶ 2.  Defendant filed its Answer on May 6, 2025.  Declaration of Michelle Yang in

24   Support of Motion ("Yang Decl.") [Dkt. 14 -1] ¶ 6.

25        On July 7, 2025, Plaintiffs' counsel served Defendant's counsel with its initial disclosures

26   pursuant to California Code of Civil Procedure section 871.26.  *See* Declaration of James Feeny in

27   ─────────────────────

28   [1] Because the Motion to Remand is denied, Plaintiffs' attendant motion for attorney's fees is also
     denied.

1    Support of Defendant's Opposition ("Feeny Decl.") [Dkt. 16 -1] ¶ 2, Ex. A ("Initial Disclosures")

2    [Dkt. 16 -2]; Yang Decl. ¶ 7. The initial disclosures identified the Vehicle's then-current mileage

3    (44,000 miles) and the location of the Vehicle (an address in Costa Mesa, California). Initial

4    Disclosures at 2. As part of those initial disclosures, Plaintiffs' counsel also provided a copy of the

5    Vehicle's sales contract. Yang Decl. ¶ 7, Ex. 2 ("Sales Contract"). The Sales Contract (signed on

6    October 17, 2022) identified Plaintiffs' specific address in Costa Mesa, California. Sales Contract at

7    1. Finally, the initial disclosures contained two repair records for the Vehicle. Feeny Decl. ¶ 2.

8         Defendant removed the case on August 14, 2025, alleging that this Court has diversity

9    jurisdiction. Notice of Removal at 3-6 [Dkt. 1]. Plaintiffs filed the instant Motion on September 5,

10   2025. After full briefing, *see* Opposition [Dkt.16]; Reply [Dkt.17 ], the Court deemed the matter

11   appropriate for resolution without oral argument and took it under submission. [Dkt. 18].

12   **III.    LEGAL STANDARD**

13        Generally, a civil action filed in state court may properly be removed if there is federal

14   subject matter jurisdiction at the time of removal, which exists when the suit arises under federal law

15   or when the parties are diverse and the amount in controversy is over $75,000. *See* 28 U.S.C.

16   §§ 1441 (removal), 1331 (federal question jurisdiction), 1332 (diversity jurisdiction).

17        A notice of removal must be filed within 30 days of the initial pleading or summons if, using

18   a "reasonable amount of intelligence," the grounds for removability can be ascertained from such

19   pleading or summons. 28 U.S.C. § 1446(b)(1); *Kuxhausen v. BMW Fin. Servs. NA*, 707 F.3d 1136,

20   1139–40 (9th Cir. 2013). Should the initial pleading not reveal grounds for removal, the notice of

21   removal must be filed within 30 days of the defendant receiving an "amended pleading, motion,

22   order ***or other paper***" which displays removability on its face. 28 U.S.C. § 1446(b)(3) (emphasis

23   added); *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). Moreover, the "other

24   paper" under this section must establish that removability is "unequivocally clear and certain."

25   *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1094 (9th Cir. 2021) ("We believe the 'unequivocally clear

26   and certain' test hews to the text of § 1446(b)(3)."). These 30-day time limits, although procedural

27   in nature, are mandatory, and a successful challenge to removal based on a late notice requires

28   remand. *Smith v. Mylan Inc.*, 761 F.3d 1042, 1045 (9th Cir. 2014).

1    IV.    **DISCUSSION**

2        Plaintiffs make several interdependent arguments in support of remand.  Plaintiffs' counsel

3    has raised almost exactly the same arguments in a number of other lemon law cases against General

4    Motors in recent months.  This Court first considered and decided the relevant issues in *Chavarin v.*

5    *General Motors LLC*, No. 2:25-cv-06852-HDV-MBK (C.D. Cal. Oct. 29, 2025) [Dkt. 28]

6    ("*Chavarin* Order").  Plaintiffs' Motion here fails for the same reasons as in *Chavarin*.

7        First, Plaintiffs argue that removability was apparent from the initial Complaint based on

8    federal question jurisdiction (given the MMWA claim) and separately on the basis of diversity

9    jurisdiction.  *See generally,* Motion.  But federal question jurisdiction under that statute only applies

10    if the amount in controversy on the MMWA claims is at least $50,000.  15 U.S.C. § 2310(d)(3)(B).

11    And Plaintiffs' Complaint does not include any allegations as to values that would give Defendant

12    notice that their claims were worth more than this.  *Chavarin* Order at 4–5 & n.2.

13        Plaintiffs' diversity-related argument also fails at the Complaint stage, both because there are

14    no facts suggesting that the $75,000 amount in controversy was met, and because the allegations of

15    Plaintiffs' California *residency* do not set forth Plaintiffs' domicile or citizenship.  *Id.* at 5–6 & n.3.

16        In the alternative, Plaintiffs aver that the initial disclosures provided on July 7 2025 qualified

17    as an "other paper" under 28 U.S.C. § 1446(b)(3) and triggered the second 30-day removal period,

18    rendering Defendants' removal untimely.  Motion at 9; Reply at 3–4.  These disclosures included the

19    Vehicle's sales contract, two repair orders, and a written disclosure of the current mileage.  Feeny

20    Decl. ¶ 2; Initial Disclosures at 2.  The sales contract revealed that the cash price of the Vehicle and

21    accessories was $27,880.  Sales Contract at 2.  It also showed that the total cash price (including

22    collateral charges and sales tax) was $30,195; that Plaintiffs made a down payment of $4,000; and

23    that they financed $26,195, incurring financing charges of $4,296—for a total cost of $34,491.[2]  *Id.*

24    at 1-2*.*

25        As to the MMWA claim, however, these initial disclosures did not provide enough

26    information to calculate the market value of the car at the time of the defect, a value that is necessary

27    _____

28    [2] These numbers are rounded to the nearest dollar, which explains why the arithmetic may appear off
by a dollar or so.

4

to calculate diminished value damages under California Commercial Code section 2713. *Chavarin* Order at 7. Federal question jurisdiction was therefore not facially apparent at that time.

And as to diversity jurisdiction, the disclosures offered almost nothing bearing on the central issue of Plaintiffs' *intention to remain* in California—key facts necessary to establish Plaintiffs' domicile or citizenship for purposes of making removability "unequivocally clear and certain" under section 1446(b)(3). *Chavarin* Order at 8–9 & n.5.

## V.    CONCLUSION

For the foregoing reasons, Defendant's removal was timely and Plaintiffs' Motion is ***denied***.

Dated:    November 18, 2025

_____
Hernán D. Vera
United States District Judge